NEAL *et al. v.* McWHORTER *et al.*

The act approved August 11, 1903 (Acts 1903, p. 588), incorporating the town of Menlo, undertook to incorporate an area about four miles square, to establish a public school system therein, and to create a board of school commissioners with power to levy taxes for school purposes on all the property in the area described, but limited the exercise of all municipal functions to an area embraced in a circle one mile in diameter located inside the square. *Held*, that at least in so far as the act applied to the territory within the square but outside the circle, it was unconstitutional, in that it was

an attempt to establish a school district by evasion, and was a special law enacted in a case for which provision had been made by an existing general law.

Argued February 6, — Decided March 24, 1905.

Petition for injunction.    Before Judge Fite.    Chattooga superior court.    December 17, 1904.

*Seaborn & Barry Wright,* for plaintiffs.
*Wesley Shropshire* and *J. M. Bellah,* for defendants.

CANDLER, J.    By an act approved August 11, 1903, the General Assembly undertook to incorporate the town of Menlo, in the county of Chattooga.    The act provided that " the corporate limits of said town shall embrace the area within the following described lines."    Then follows a description of an area which, it seems to be admitted, formed, roughly, a square each side of which was about four miles long.    Acts 1903, p. 588.    The act provided for the establishment of a public-school system within the limits designated, created a board of school trustees, and authorized the levy of an ad valorem tax on all the property within the four-mile square for school purposes.    Section 16 of the act is as follows : " Be it further enacted, that the jurisdiction of the mayor and council of said town, its marshal and police, its right to make by-laws, rules, and ordinances and enforce the same, levy and collect tax and licenses, *and all other rights, privileges, and powers,* shall extend only over the following described area :    Within the first described area herein, over a circle one half mile each way from the center, the center of the circle being [a described point], except that the Menlo school property, the same being two acres, more or less, adjoining and intersected by said circle, shall be included as a part of said limits ; and in all elections for said mayor, recorder, and council, and all other elections pertaining to the municipal government and maintenance of said circle and school property, only those living within said circle and qualified under the rules and regulations of council and this act shall be entitled to vote.    And only those living within said circle shall be eligible to the office of mayor, recorder, and councilman, and qualified to vote for representatives."

Under the provisions of this act, the board of school trustees levied a tax for school purposes on all the property within the four-mile square.    The plaintiffs in error filed their petition in

the superior court of Chattooga county, to enjoin the levy of the tax on their property. An injunction was denied, and they excepted. We are clear that this was error. The act incorporating the town of Menlo is, in one respect, a remarkable production. It undertakes to incorporate an area four miles square and to limit all municipal functions to a circle with a radius of a half mile situated inside the square; creating at the same time a school board with authority extending over the entire square. The practical effect of this was to create a circular town with a square school district surrounding it; for it can hardly be seriously contended that the act was effective to incorporate an area over which the municipal authorities had no control or discretion, even for police purposes. Article 8, section 4, paragraph 1, of the constitution of Georgia (Civil Code § 5909) authorizes the General Assembly to grant to municipal corporations power to establish and maintain public schools "in their respective limits" by local taxation; but this does not carry with it the right, by palpable evasion, to incorporate a school district and mark off a town inside of it, the town to exercise all the municipal functions and the school district none. We are led irresistibly to the conclusion that in so far as the act of 1903 applies to the area in the four-mile square outside of the circle of actual municipal existence, it is unconstitutional, in that it seeks to create a school district by evasion, and is a special law enacted in a case for which provision has been made by an existing general law. The petition for injunction should have been granted.

*Judgment reversed. All the Justices concur.*